# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### Southern District of Georgia DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 DEC -1 P 4: 1

CLERK _Brunton_

*[Enter the full name of the plaintiff in this section]*

Brandi and Jason Richardson as
Parents and Executrix of
Jakob Richardson (deceased)

Civil Action No. _____
*[to be assigned by Clerk]*

v.

CV111 194

*[Enter the full name of each defendant in this action.
If possible, please list only one defendant per line.]*

United States of America

_____

_____

_____

_____

_____

_____

**If allowed by statute, do you wish to have a trial by jury?   Yes _____      No ✓**

*[If any answer requires additional space, please use additional paper and attach hereto]*

## I.   PREVIOUS LAWSUITS

**A.   Have you begun other lawsuits in state or federal court dealing with the same Facts involved in this action?**

**Yes _____      No ✓**

**B.**   *If your answer to A is Yes, describe the lawsuit in the space below. [If more than one lawsuit, describe on another sheet using the same outline.]*

    **1.**   *Parties to this lawsuit:*

        *Plaintiff:* _____

        *Defendant:* _____

    **2.**   *Court:* _____
                            *(If federal court, name the district; if state court, name the county)*

    **3.**   *Docket Number:* _____

    **4.**   *Name(s) of Judge(s) to whom case was assigned:* _____

    **5.**   *Status of Case:* _____
                            *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

    **6.**   *Date lawsuit was filed:* _____

    **7.**   *Date of disposition (if concluded):* _____

**C.**   *Do you have any other lawsuit(s) pending in the federal court?*

    **Yes** _____   **No** ✓

## II.   PARTIES

*In Item A below, place your name and address in the space provided. [If additional plaintiffs, do the same on another sheet of paper.]*

**A.**   **Name of Plaintiff:** *Brandi and Jason Richardson*

    **Address:** *1012 Durban Drive, Grovetown, GA 30813*

*In Item B below, place the full name of the defendant, and his/her/its address, in the space provided. Use Item C for additional defendants, if any.*

**B.**   **Name of Defendant:** *United States of America*

    **Address:** *600 James Brown Blvd, Ste. 200, Augusta, GA 30901*

2

**C.**   *Additional Defendants (provide the same information for each defendant as listed in Item B above):*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**III.   STATEMENT OF CLAIM**

State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the name(s) of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets of paper if necessary.

*See Attached Complaint.*

_____

_____

_____

_____

_____

_____

_____

III.   **STATEMENT OF CLAIM - *continued.***

see Attached complaint.

**IV.    RELIEF.**

*State briefly and exactly what you want this court to do for you.*

See Attached Complaint.

*I declare under penalty of perjury that the foregoing is true and correct.*

**Signed this** _1st_ **day of** December _, 2011_

_____
**Signature of Plaintiff**

1012 Durban Dr
**Address**
Grovetown GA 30813

_____

(706)267-9552
**Phone Number**

5

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

Brandi Richardson and Jason Richardson,)
                                   )

As Parents and Executrix         )
                                   )

Of Jakob Richardson (Deceased),  )
                                   )

           Plaintiffs,        )
                                   )     Civil File No. _____

                                   )

         Vs.                )
                                   )

                                   )

United States of America,     )
                                   )

        Defendant.      )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Brandi and Jason Richardson, as parents and Executrix of Jakob

Richardson, deceased, and files this Complaint for Damages in the above-captioned matter and

shows unto the Court the following:

## PARTIES JURISDICTION AND VENUE

**1.**

Plaintiffs are residents of Columbia County, State of Georgia.

**2.**

The United States of America is the proper Defendant as the tortuous acts and omissions

occurred at a facility under the control of the Defendant, Dwight David Eisenhower Army

Hospital, Fort Gordon, Georgia, which is within the Jurisdiction of this Honorable Court.

3.

Subject matter jurisdiction is proper under 28 U.S.C. 1346 (b), 2401, 2412, 2671-2680.

4.

Venue is proper under 28 U.S.C. 1402 (b).

5.

Defendant operates Dwight David Eisenhower Hospital located at Fort Gordon Georgia and, under the Federal Tort Claims Act 28 U.S.C. 1346 (b), has assumed responsibility for negligent acts of the staff of that hospital in the scope of their employment for the government.

6.

An administrative claim has been presented and denied by the agency, permitting suit to be instituted, a copy of said claims and denials are attached as exhibits 1 and 2 to this complaint.

7.

Attached hereto, as Exhibits 3 and 4 to this Complaint, are the Affidavits of Marc A. Tanenbaum, MD and Ross E. Zumwalt, MD, who are qualified as expert witnesses on the medical issues raised in this Complaint. Said Affidavits specify at least one negligent act or omission on the Defendants part and the factual basis for such negligent act or omission that caused the preventable death of Jakob Richardson, deceased minor child.

8.

Plaintiff's minor child during the time of the matters identified in this Complaint had a patient doctor relationship with the medical staff at Defendant's hospital, Dwight David Eisenhower Army Hospital, Fort Gordon, Georgia.

9.

Dwight David Eisenhower Army Medical Hospital breached its duty of care to the Plaintiff's child Jakob Richardson.

10.

Dwight David Eisenhower Army Medical Hospital had a fiduciary duty to prevent exposing Jakob Richardson to unreasonable risk of harm pursuant to the existence of a physician-patient relationship for the purposes of Jakob Richardson's care and treatment.

11.

During the course of treatment of Jakob Richardson, through its medical facility, Defendant's staff at Dwight David Eisenhower Army Medical Hospital failed to exercise that degree of skill and care required of the medical profession in general under similar conditions and like circumstances, including, but not limited to, the matters more specifically outlined in the experts Affidavits hereto as Exhibit 3 and 4.

12.

Defendant, among other things, negligently failed to diagnose Jakob Richardson's pneumonitis during a medical appointment on September 17, 2007.

13.

As a result of the Defendant's negligent failure to proper diagnose and treat, Jakob Richardson lost his life on September 20, 2007.

14.

As a result of the Defendant's negligent failure to timely diagnose Jakob Richardson's pneumonia which caused Jakob Richardson's death, Plaintiffs are entitled to damages

for pain and suffering,  expenses related to cost of maintaining the claim, costs of this law suit,

funeral expenses, and damages for the full value of the Jakob Richardson's life including lost

income.

<div align="center">15.</div>

As a result of the above negligent failures to timely diagnose pneumonia; Plaintiff is

entitled an appropriate award of loss of the value of Jakob Richardson's services to these parents.

WHEREFORE, Plaintiffs demand as follows:

1. That Plaintiffs are entitled to damages for Jakob Richardson's

   lost future income and for his pain and suffering prior to his untimely death,

2. That Plaintiff's receive compensation for the full value of the life of Jakob Richardson.

3. That Plaintiff s be awarded costs and out of pocket expenses to maintain the lawsuit,

4. That Plaintiffs have such other and further relief as deemed just and proper by this

   Honorable Court.

This _1st_ day of _December_, 2011,

<div style="margin-left: 40%;">

Respectfully submitted

BY: _Brandi Richardson_
Brandi Richardson
Pro Se

_Jason Richardson_
Jason Richardson
Pro Se

1012 Durban Drive
Grovetown, GA 30813
706-267-9552
Blueeyedangel1955@hotmail.com

</div>

## **COMPLAINT EXHIBIT 1**

Claims to the Department of the Army

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>OFFICE OF THE SJA<br>ATTN: CLAIMS<br>DDEAMC<br>FORT GORDON, GA 30905 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code)<br><br>BRANDI & JASON  RICHARDSON          CHUCK R. PARDUE<br>7024 RANCE PERRY RD               ATTORNEY AT LAW<br>APPLING, GA 30802                      561 GREENE STREET<br>                                              AUGUSTA, GA 30901 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒CIVILIAN | 4. DATE OF BIRTH<br>7/11/2007 | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>AUGUST 3- SEPTEMBER 20, 2007 | 7. TIME (A.M. OR P.M.)<br>N/A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

THIS IS A MEDICAL MALPRACTICE CLAIM FOR THE PERSONAL INJURY AND WRONGFUL DEATH OF JACOB RICHARSON DUE TO THE NEGLIGENT FAILURE TO TIMELY DIAGNOSE AND TREAT JACOB RICHARDSON FOR INTERSTITIAL PNEUMONRITIS, THE MINOR CHILD OF BRANDI AND JASON RICHARDSON.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED
  (See instructions on reverse side.)
N/A

| 10 | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
STAFF AT DDEAMC, FORT GORDON, GEORGIA, FAILED TO DIAGNOSE AND TREAT JACOB RICHARDSON FOR HIS INTERSTITITAL PNEUMONITIS FROM AUGUST 3, 2007 CAUSED HIS PAIN AND SUFFERING AND UNTIMELY DEATH ON SEPTEMBER 20, 2007.THE AUTOPSY RESULTS, PHOTO, AND MEDICAL RECORDS AVAILABLE TO THE PARENTS ARE ATTACHED AS PART OF THIS CLAIM.

| 11 | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| BRANDI AND JASON RICHARDSON | LISTED ABOVE | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $50,000.00 | $1,000,000.00 | $1,050,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>706-823-2000 | 14. DATE OF SIGNATURE<br>MARCH 31, 2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109                    NSN 7540-00-634-4046                 STANDARD FORM 95
                                                              PRESCRIBED BY DEPT. OF JUSTICE
                                                              28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code)   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses

SF 95      BACK

*Law Offices*

---

# Pardue & Associates, P. C.

211 Bobby Jones Express Way
Suite "A"
Martinez, GA 30907

**Chuck R. Pardue (GA & TN)**
*E-Mail:chuckpardue@gmail.com*

**Telephone: (706) 823-2000**
**Facsimile: (706) 722-0149**

May 9, 2011

Department of the Army
Office of the Judge Advocate General
Attn: Gregory S. Mathers
Lieutenant Colonel, US Army
Chief, Tort Claims Division
4411 Llewellyn Avenue, Suite 5360
Fort George G. Meade, Maryland 20755-5125

Re:     Request for reconsideration and amendment of damage claim for wrongful death of
        Jacob Richardson, a minor child

Dear Lt. Col. Mathers:

In accordance with your letter of April 28, 2011and 28 CFR 14.9 (b) on behalf of Brandi and Jason Richardson, we request reconsideration of your denial of the FTCA claim of Brandi and Jason Richardson on behalf of their deceased son Jacob Richardson and hereby amend the wrongful death claim for damages to $5,000,000.00 in accordance with 28 CFR 14.2 (c). As you may recall at the time we submitted our claim, Georgia law limited non economic damages. The Georgia Supreme Court has since struck down the limitation of non economic damages in the case of <u>Atlanta Ocuplastic Surgery, P.C. v. Nestlehutt</u> et. Al, 286 GA 731 (2010).

It is without dispute that Jacob Richardson succumbed to pneumonia some three days after his clinic visit to DDEAMC, where he was not seen or examined by a pediatrician. There is serious dispute with the computer medical entries which are inconsistent with both Brandi Richardson and her mother's recollection. Our client's recollection is backed up by our pathology expert who stated in his affidavit that based on the pathology evidence visible indications of pneumonia that should have been apparent at the time of Jacob's DDEAMC exam before his death. We request you reconsider the denial and negotiate an appropriate settlement.

With kindest personal regards,

Chuck R. Pardue
Attorney at Law

CRP/rr
cc: Brandi and Jason Richardson

# <u>COMPLAINT EXHIBIT 2</u>

Denials from the Department of the Army



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

REPLY TO
ATTENTION
OF:

**APR 2 8 2011**

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Tort Claims Division

SUBJECT:  Claim of Brandi and Jason Richardson, 09-282-T012

Chuck R. Pardue, Esq.
211 Bobby Jones Expressway
Suite A
Martinez, Georgia  20907-3474

Dear Mr. Pardue:

This notice constitutes final administrative action on the claim of your clients' claim against the United States (U.S.) in the total amount of $50,000 for personal injury and $1,000,000 for the wrongful death of Jakob Richardson, allegedly the result of negligent medical care provided to Jakob for interstitial pneumonitis by Government health care providers at Dwight David Eisenhower Army Medical Center (DDEAMC), Fort Gordon, Georgia, from August 3, 2007 through September 17, 2007.

Your clients' claim is denied.  Under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, the U.S. can only be held liable under limited circumstances where the negligent acts or omissions of the U.S. Government employees acting within the scope of their employment proximately cause injury.  There is no evidence that the treatment rendered at DDEAMC deviated from the standard of care.

The position of the U.S. was explained to you in a letter from Mr. Paul Elkin, Attorney Advisor, Office of the Center Judge Advocate, DDEAMC, dated December 7, 2010.  (See enclosure).  In response to Mr. Elkin's letter, you submitted an Affidavit prepared by Dr. Marc A. Tanenbaum, pediatrician.  We retained a board-certified Pediatrician with subspecialty certification in Pediatric Infectious Diseases to review Dr. Tanenbaum's affidavit.  Dr. Tanenbaum's report is unpersuasive and our expert determined that there is no evidence that Jakob demonstrated signs or symptoms of any respiratory problems or interstitial pneumonitis in the days immediately preceding his death, and in particular when he was examined by Government health care providers on September 17, 2007, three days before his death.

If your clients are dissatisfied with the action taken on their claim, they may file suit in an appropriate U.S. District Court no later than six months from the date of mailing of this letter.

-2-

By law, failure to comply with this time limit forever bars your clients from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

Gregory S. Mathers
Lieutenant Colonel, US Army
Chief, Tort Claims Division

Enclosure



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

REPLY TO
ATTENTION
OF:

JUN 9 2011

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Tort Claims Division

SUBJECT:  Claim of Brandi and Jason Richardson,  09-282-T012

Chuck R. Pardue, Esq.
211 Bobby Jones Expressway, Suite A
Martinez, Georgia  30907-5251

Dear Mr. Pardue:

This is in response to your request for reconsideration of the denial of your clients' claim on April 28, 2011, by Lieutenant Colonel Gregory S. Mathers, Chief, Tort Claims Division.  Your request was received on May 11, 2011.

Upon reconsideration, the denial is affirmed.  You have presented no new basis for reconsideration.  I agree with the reasons stated in the denial letter.  Our investigation established that there is no evidence that the treatment rendered at Dwight David Eisenhower Army Medical Center deviated from the standard of care.  As stated in the letter of denial, there is no evidence that Jacob Richardson demonstrated signs or symptoms of any respiratory problems or interstitial pneumonitis in the days immediately preceding his death, and specifically on September 17, 2007, during a well-baby examination three days before his death.  Because there is no evidence of negligence by a Government employee, your clients' claim is not payable under the Federal Tort Claims Act.  28 U.S.C. §§ 2671-2780.

Additionally, your effort to amend the claim to $5,000,000 is also denied.  The request to amend the amount of the claim from $1,050,000 to $5,000,000 was made after final action had been taken on the claim.  Further, you allege that you are justified in amending the amount of the claim because when the claim was initially filed on August 3, 2009, there was a cap on non economic damages in Georgia, and that the cap was subsequently struck down by the Georgia Supreme Court in the case of Atlanta Ocuplastic Surgery, P.C. v. Nestlehutt et. al., 286 GA 731 (2010).  That case, however, was decided on March 22, 2010.  You had over one year to amend your clients' claim after the Supreme Court rendered its decision, but you did not do so.  Thus, your effort to amend the claim to increase the ad damnum from $1,050,000 to $5,000,000 is also not timely and is denied.

-2-

If your clients are dissatisfied with the action taken on their claim, they may file suit in an appropriate U.S. District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars your clients from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

R. Peter Masterton
Colonel, US Army
Commanding

# COMPLAINT EXHIBIT 3

Affidavit of Marc A. Tanenbaum, MD

# EXHIBIT 2

## AFFIDAVIT OF DR. MARC A. TANENBAUM, M.D.

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF GEORGIA | ) | AFFIDAVIT OF |
| | ) | DR. MARC A. TANENBAUM, M.D. |
| COUNTY OF FULTON | ) | |

### MARC A. TANENBAUM, M.D.

COMES NOW, DR. MARC A. TANENBAUM, M.D., and after being sworn hereby gives the following affidavit upon personal knowledge and belief:

1. I make this affidavit under oath, after being duly sworn. This affidavit is executed for the purposes of being attached to and used in support of the Plaintiff's medical malpractice complaint. A copy of my Curriculum Vitae is attached to this affidavit.

2. I am a physician in currently in an active clinical practice at the following clinics:

| 9/2009 –present | **Priority Pediatrics, PC**<br>**#202**<br>**6300 Powers Ferry Road**<br>**Suite 600**<br>**Atlanta, GA 30339** |
|---|---|
| 8/2009-present | **Children's HealthCare of Atlanta Immediate Care**<br>**Part-time Associate Pediatrician**<br>**2660 Satellite Blvd.**<br>**Duluth, GA 30096** |
| 8/2009-present | **KidsTime Pediatrics**<br>**Associate Pediatrician**<br>**5252 Roswell Road NE**<br>**Suite 200**<br>**Atlanta, GA 30328** |

3. I have the following Medical Certifications:

| 5/22/1987 | **Board of Pediatrics, recertification without expiration** |
|---|---|
| 9/10/1978 | **Board of Pediatrics** |

4. I am or have been licensed to practice medicine in the following states:

| 1978 | **Georgia, #19429** |
| 1975 | **Massachusetts, #39215** |
| 1974 | **Pennsylvania, #15759-E** |

2.  I have been asked to review medical records of infant Jacob Richardson and Dr. Zumwalt's affidavit concerning the forensic autopsy slides pertaining to Jacob Richardson, specifically, I have reviewed Dr. Zumwalt's affidavit and the records related to the care and treatment provided by the staff at Dwight David Eisenhower Army Medical Center, Fort Gordon, Georgia from Jacob Richardson's birth on July 11, 2007 to his untimely death on September 20, 2007.

3.  Dr. Zumwalt's affidavit indicates that the examination of the autopsy slides of Jacob Richardson revealed Jacob Richardson had interstitial pneumonia several days before his untimely demise and opined that "to reasonable degree of medical certainty that the cause of death is interstitial pneumonia. The pneumonia is most likely viral and with reasonable certainty would have been present with readily detectable respiratory symptoms on September 17, 2007 when Jacob Richardson was seen in the Army clinic for a well baby visit."

4.  Relying on the pathologist report of Dr. Zumwalt, which was based on his examination of the pathology slides,  that Jacob Richardson would have displayed readily detectable respiratory symptoms, it is my opinion that the staff at the Army clinic deviated from the standard of care in that they:

   a) failed to conducted a thorough history and examination including determining the extent of Jacob Richardson's respiratory distress on September 17, 2007 by ascertaining his respiratory rate; and

   b) failed to provide Jacob Richardson appropriate therapy and continued monitoring of his respiratory condition, and if other therapies were not adequate to admit Jacob Richardson to the hospital for more aggressive treatment.

5.  The failure to do an adequate history and examination and failure to adequately treat Jacob Richardson was the substantial contributing cause of Jacob Richardson's untimely death.

6.  All opinions expressed herein are so stated within a reasonable degree of medical Certainty and are consistent with the objective evidence of the pathology report.

FURTHER AFFIANT SAYETH NOT.

This 13 day of Dec 2010.

MARC A. TANENBAUM, M.D.

COUNTY OF FULTON  )

SWORN TO AND SUBSCRIBED BEFORE ME THIS 13th DAY OF December 2010.

NOTARY PUBLIC

# Marc A. Tanenbaum, M.D.
## Box 202

## 6300 Powers Ferry Road

## Suite 600

## Atlanta, GA 30339

9/2009-present   Priority Pediatrics, PC
                 #202
                 6300 Powers Ferry Road
                 Suite 600
                 Atlanta, GA 30339

8/2009-present   Children's HealthCare of Atlanta Immediate Care
                 Part-time Associate Pediatrician
                 2660 Satellite Blvd.
                 Duluth, GA 30096

8/2009-present   KidsTime Pediatrics
                 Associate Pediatrician
                 5252 Roswell Road NE
                 Suite 200
                 Atlanta, GA 30328

7/1978-4/2009    Pediatrics & Adolescent Medicine, P.A.
                 Primary Pediatrician
                 755 Mount Vernon Highway
                 Atlanta, Georgia  30328

7/1977-6/1978    Children's Hospital Medical Center
                 Chief Resident in Pediatrics
                 Ambulatory Services
                 Boston,  Massachusetts

7/1976-6/1977    Carney Hospital
                 Affiliate Pediatric Staff
                 Boston, Massachusetts

7/1976-6/1978    Harvard Medical School
                 Clinical Fellow in Pediatrics
                 Ambulatory Chief Resident
                 Boston, Massachusetts

Revised 09/26/2010

7/1975-6/1976   Boston City Hospital
                Senior Resident in Pediatrics, PL-3
                Boston, Massachusetts

7/1974-6/1975   Children's Hospital of Philadelphia
                Pediatric Resident, PL-2 & 3
                Philadelphia, PA

7/1973-6/1974   Children's Hospital of Philadelphia
                Pediatric Intern, PL-1
                Philadelphia, PA

7/1969-6/1973   University of Pennsylvania School of Medicine
                Philadelphia, PA

7/1965-6/1969   Duke University, B. S.
                Durham, North Carolina

## Memberships

1990-present   Cobb Pediatric Society

1978-present   American Medical Association

1978-present   Medical Association of Georgia

1978-present   Greater Atlanta Pediatric Society

1990-1999      Orton Dyslexic Society

1982-1989      State Board Member, Learning Disabilities Association of Georgia

# Certification

5/22/1987     Board of Pediatrics, recertification without expiration

9/10/1978     Board of Pediatrics

# Licensure

1978   Georgia, #19429

1975   Massachusetts, #39215

1974   Pennsylvania, #15759-E

# Research

I have been a sub-investigator in well over 100 studies since 1990 involving such areas as antibiotics, vaccines, ADHD, antihistamines and anti-asthma medications.

# Hospital Affiliation

Active Staff:
       Northside Hospital, Atlanta
       Children's Healthcare of Atlanta @ Scottish Rite

CourtesyStaff:
       Children's Healthcare of Atlanta @ Egleston

Revised 09/26/2010

# **COMPLAINT EXHIBIT 4**

Affidavit of Ross E. Zumwalt, MD

|                              |   |                    |
|------------------------------|---|--------------------|
| STATE OF NEW MEXICO          | ) | AFFIDAVIT OF       |
|                              | ) | DR. ROSS E. ZUMWALT |
| COUNTY OF BERNALILLO COUNTY  | ) |                    |

COMES NOW, DR. ROSS E. ZUMWALT and after being sworn hereby gives the

following affidavit upon personal knowledge and belief:

1. I make this affidavit under oath, after being duly sworn. This affidavit is executed for the purpose of being attached to and used in support of the Plaintiff's Medical Malpractice Complaint.

2. I am a physician in an active clinical practice in Albuquerque, New Mexico. I am the Chief Medical Investigator, State of New Mexico and Professor of Pathology, University of New Mexico of Medicine, Albuquerque, New Mexico.

3. I attended medical school at the University of Illinois College of Medicine.

4. My residency training was in Anatomic Pathology, Mary Imogene Bassett Hospital, Cooperstown, New York,, University of Texas Health Science Center at Dallas, Texas.; and Forensic Pathology, Southwestern Institute of Forensic Sciences at Dallas, Texas

5. I was Board Certified by the American Board of Pathologists as Diplomat, (Anatomic Pathology and Forensic Pathology) in 1976

6. I served as President, National Association of Medical Examiners 1995-1996, and Chairman of the Board of Directors of the National Association of Medical Examiners 1996-1997.

7. I am licensed by the State Boards to practice in the states of New York 1972, Texas 1974-2004, Ohio 1978, and New Mexico 1987.

8. From 1991 to present I am a Professor of Pathology at the University of New Mexico and the Chief Medical Investigator for the State of New Mexico., and I am currently practicing medicine at this time.

9. I have actual professional knowledge and experience in Anatomic and Forensic Pathology Medicine as the result of having been regularly engaged in the active practice of Pathology and Oncology medicine. My Curriculum Vitae is attached as Exhibit A.

10. I have been asked to review medical records and forensic autopsy slides pertaining

to Jacob Richardson, Specifically, I have reviewed the records related to the care and treatment provided by the staff at Dwight David Eisenhower Army Medical Center, Fort Gordon, Georgia from Jacob Richardson's birth on July 11, 2007 to his untimely death on September 20, 2007. I also reviewed the autopsy report, the toxicology report and 13 microscopic slides prepared from tissue taken at the time of the autopsy.

11. All opinions expressed herein are so stated within a reasonable degree of medical certainty;

12. It is my my opinion to a reasonable degree of medical probability that the cause of death is Interstitial Pneumonia. The pneumonia is most likely viral and with reasonable medical probability would have been present with readily detectable respiratory symptoms on September 17, 2007 when Jacob Richardson was seen in the Army clinic for a well baby visit.

FURTHER AFFIANT SAYETH NOT.

This 2th day of June 2010.

Dr. Ross E. Zumwalt

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 28th DAY OF June 2010.

NOTARY PUBLIC
My Commission Expires: 03/14/13